**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS ANDRES ARZAYUS
RODRIGUEZ,

      Petitioner,

v.

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
and MARY DE ANDA-YBARRA, El Paso
Field Office Director, Immigration and
Customs Enforcement,

      Respondents.

Case No. 2:26-cv-01317

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28
U.S.C. § 2241 AND ORDERING A BOND HEARING**

THIS MATTER is before the Court on Petitioner Carlos Andres Arzayus Rodriguez's

Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April

27, 2026.  On May 12, 2026, the Federal Respondents ("Respondents") filed a Response

("Response").[1]  ECF No. 6.  Upon review of the Parties' submissions, the record, and the relevant

law, the Court will **GRANT** the Petition and order a bond hearing.

---

[1]	The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing
Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-
mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the
Warden did not respond to the Petition.

## I.    Background

Petitioner is a citizen of Venezuela who entered the United States illegally at an unknown place on an unknown date.  See Form I-213 Narrative at 2, ECF No. 6-1.  On May 17, 2024, U.S. Border Patrol Agents encountered Petitioner in El Paso, Texas, determined that he was not a U.S. citizen or lawful permanent resident, and placed him under arrest.[2]  Id. at 2-3.  The same day, Petitioner filed an Application for Asylum and for Withholding of Removal.  Id. at 3.  On May 23, 2024, Petitioner was given a positive credible fear determination and released on his own recognizance.  See id.; see also Resp. at 3.  According to Petitioner, he received humanitarian parole.  Pet. at 6.

Thereafter, Petitioner violated the conditions of his release several times, including four failed home visits and four failed biometric check-ins.  Form I-213 Narrative at 3.  Consequently, on October 23, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in Maryland and transported him to a detention facility in El Paso, Texas.  Id. at 2. Petitioner has been in detention ever since, Resp. at 3, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico, Pet. at 2.  According to Respondents, Petitioner has an asylum hearing on May 19, 2026.  Resp. at 3.

On April 27, 2026, Petitioner filed the instant Petition.  ECF No. 1.  On April 28, 2026, the Court ordered Respondents to answer the Petition and show cause why it should not be granted. ECF No. 4.  On May 12, 2026, Respondents filed their Response.  ECF No. 6.

---

[2]    The Form I-213 Narrative states that this encounter occurred on May 17, 2025.  ECF No. 6-1 at 2. However, based on the representations contained in the remainder of the narrative, the Court believes that this is a typographical error, and that the encounter occurred on May 17, 2024.

## II.      Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 grants district courts the discretion to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).

## III.     Discussion

Petitioner argues that his continued detention violates his rights under the Fifth Amendment's Due Process Clause.  Pet. at 6.  He seeks immediate release from custody.  Id. at 7.

Respondents argue that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), and this Court lacks subject matter jurisdiction to review the detention determination.  Resp. at 2, 6-9, 10-11.  They further argue that because Petitioner is subject to mandatory detention under Section 1225(b), he is not entitled to any due process.  Id. at 2, 11-12. Finally, they argue that "Respondents['] conduct, as a matter of law, was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  Id. at 2; see also id. at 12.

Initially, the Court rejects Respondents' argument that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b).  Rather, for the reasons explained in this Court's decision in Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a), his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is eligible for habeas relief.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Under the unique facts of this case, the Court finds that ordering Petitioner's immediate release is not the appropriate remedy. Petitioner was released from his initial immigration detention on his own recognizance on May 23, 2024. See Form I-213 Narrative, ECF No. 6-1 at 3; Resp. at 3. DHS rearrested Petitioner on October 23, 2025 because Petitioner violated the conditions of his release at least eight times between September 17, 2024, and July 22, 2025. Form I-213 Narrative, ECF No. 6-1 at 3; Resp. at 3. The Court also observes that the Petition states that since Petitioner filed his application for asylum, he "do[es] not have a completely clean criminal record." Pet. at 6. It is possible that this is a grammatical mistake, as Respondents do not accuse Petitioner of having a criminal history, and the record does not reflect one.

In any event, the Court concludes that ordering a bond hearing is the appropriate remedy in this case, as the Court finds that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing. See Lopez-Romero, 2026 WL 92873, at *7.

### IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Carlos Andres Arzayus Rodriguez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to provide Petitioner with an individualized and constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) within <u>seven days</u> of the date of this Order;

3.    The Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and if the Immigration Judge finds that Petitioner shall remain in detention, the Immigration Judge shall adequately explain the reasons for detention such that this Court can determine whether the bond hearing was constitutionally adequate;

4.    Respondents shall file a status report within three days of Petitioner's bond hearing advising the Court as to whether bond was granted or denied, and shall attach the Immigration Judge's Order thereto; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction to enforce this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

5