**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS ANDRES ARZAYUS
RODRIGUEZ,

       Petitioner,

v.

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
and MARY DE ANDA-YBARRA, El Paso
Field Office Director, Immigration and
Customs Enforcement,

       Respondents.

Case No. 2:26-cv-01317

**<u>ORDER DENYING MOTION TO ENFORCE PRIOR HABEAS PETITION ORDER</u>**

THIS MATTER is before the Court on Petitioner Carlos Andres Arzayus Rodriguez's

Motion to Enforce Prior Habeas Petition Order ("Motion"), ECF No. 10, filed June 5, 2026.

Petitioner is a citizen of Venezuela who entered the United States illegally at an unknown

place on an unknown date. <u>See</u> Form I-213 Narrative at 2, ECF No. 6-1. On May 17, 2024, U.S.

Border Patrol Agents encountered Petitioner in El Paso, Texas, determined that he was not a U.S.

citizen or lawful permanent resident, and placed him under arrest.[1] <u>Id.</u> at 2-3. The same day,

Petitioner filed an Application for Asylum and for Withholding of Removal. <u>Id.</u> at 3. On May 23,

2024, Petitioner was given a positive credible fear determination and released on his own

---

[1]      The Form I-213 Narrative states that this encounter occurred on May 17, 2025. ECF No. 6-1 at 2. However, based on the representations contained in the remainder of the narrative, the Court believes that this is a typographical error, and that the encounter occurred on May 17, 2024.

recognizance.  See id.; see also Resp. at 3.  According to Petitioner, he received humanitarian parole.  Pet. at 6.

Thereafter, Petitioner violated the conditions of his release several times, including four failed home visits and four failed biometric check-ins.  Form I-213 Narrative at 3.  Consequently, on October 23, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in Maryland and transported him to a detention facility in El Paso, Texas.  Id. at 2.  Petitioner has been in detention ever since, Resp. at 3, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico, Pet. at 2.

On April 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus arguing that his continued detention violates his rights under the Fifth Amendment's Due Process Clause.  ECF No. 1 at 6.  On May 12, 2026, the federal Respondents filed a Response.  ECF No. 6.

On May 15, 2026, the Court issued an Order granting the Petition, finding Petitioner's detention is governed by 8 U.S.C. § 1226(a), and ordering a bond, concluding "that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing."  ECF No. 7 at 4 (citing Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at *7 (D.N.M. Jan. 13, 2026)).  The Court stated:

> The Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and if the Immigration Judge finds that Petitioner shall remain in detention, the Immigration Judge shall adequately explain the reasons for detention such that this Court can determine whether the bond hearing was constitutionally adequate[.]

Id. at 5.  The Court also ordered Respondents to file a copy of the Immigration Judge's Order.  Id.

On May 21, 2026, Respondents filed a copy of the Immigration Judge's Order on the docket.  ECF No. 9-1 ("IJ Order").  The Immigration Judge denied Petitioner release on bond for the following reasons:

The Respondent entered the US without inspection in May of 2024. The Respondent was later released on parole and accumulated approximately seven (7) ICE check-ins while being supervised. Additionally, the Respondent has no US ties (relatives with lawful status), speculative relief (Asylum claim is statutorily barred due to being filed more than 1 year from date of entry), and lack of sponsor being identified and verified. For those reasons the court finds that the Respondent is a flight risk.

Id. at 1.

On June 5, 2026, Petitioner filed the instant Motion, arguing that he received a constitutionally deficient bond hearing.  ECF No. 10 at 2.  The Court disagrees.

To begin with, although this Court has jurisdiction under 28 U.S.C. § 2241 to consider whether Petitioner's detention is constitutional, see Denmore v. Kim, 538 U.S. 510, 517 (2003), and has jurisdiction to enforce its own orders, see Mendez v. Dedos, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026), the Court lacks jurisdiction to review an immigration judge's bond determination, see 8 U.S.C. § 1226(e); L.G. v. Choate, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024).

The majority of Petitioner's arguments attack the Immigration Judge's finding that Petitioner is a flight risk.  See Mot. at 2.  However, the Immigration Judge's flight-risk determination is not subject to judicial review.  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL

1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Petitioner appears to argue that his detention is unconstitutional because although this Court found that he is subject to discretionary detention under 8 U.S.C. § 1226(a), the Immigration Judge denied him bond because he believes Petitioner is subject to mandatory detention under Section 1225(b).  Mot. at 2.  However, the Court ordered that "[t]he Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)[,]" ECF No. 7 at 5, and there is no indication that the Immigration Judge failed to comply with this directive.  The IJ Order does not deny Petitioner bond because, in the Immigration Judge's view, Petitioner is subject to mandatory detention; rather, it denied Petitioner bond because he is a flight risk.  ECF No. 9-1 at 1.  If Petitioner disagrees with this finding, he may appeal the IJ Order to the Board of Immigration Appeals.  8 C.F.R. § 1003.19(f).  The Court can discern no basis to find that Petitioner's bond hearing was constitutionally inadequate.

Therefore, it is **HEREBY ORDERED** that Petitioner's Motion to Enforce Prior Habeas Petition Order, ECF No. 10, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE